Breitel, J. (dissenting).
I vote to affirm.
The Correction Law (§§ 230-a, 803) in providing for an election by a prisoner to obtain certain credits for time served entails burdens as well as benefits. Thus, an electing prisoner in effect agrees to forfeit credits in the event of postrelease misconduct, a consequence not imposed under the older mandatory provisions of the statute (§ 230, subd. 4). Because burdens are imposed the statute should not be construed to apply to prisoners classified and detained as mentally ill and, therefore, not fully responsible. Hence, the Commissioner of Correction, as the Appellate Division held, was correct in exercising his discretion by declining to implement the voluntary program for prisoners presently mentally ill. Moreover, the statute provides that in any event: “No person shall have the right to demand or require the allowances authorized by this section. The decision of the commissioner * * * shall be final and shall not *942 be reviewable if made in accordance with law ” (§ 803, snbd. 4).
It is evident that an election under section 230-a by a mentally ill person may hardly be treated as “ voluntary ” and his agreement will, therefore, remain vulnerable. Nor will a preliminary proceeding for determination of his competency to make the election be of much avail. Later, if events turn out unfavorably for him, he will be in a position to contend that he lacked competency to initiate or participate in the preliminary proceeding.
But that is the least of the problem. The new procedure now mandated—without statute, precedent, or procedural category upon which to base it — continues the proliferation of hearings in criminal matters of which this court has said there are already too many (People v. Ganci, 27 N Y 2d 418, 424-426). This becomes grist for the mill of the litigious and especially of the mentally ill litigious.
The short of it is that the voluntary program, described as an incentive program, is designed for the mentally healthy, not just some of the time or as to some things. The Legislature could hardly have contemplated differently. The issue of equal protection to persons similarly situated is met fully by the intelligent and rational classification between the mentally healthy prisoner and the mentally ill prisoner —between the responsible and the irresponsible.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Order reversed, etc.